IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| VICKI BANKHEAD, Individually, and as Representative of the ESTATE OF AMY LYNN COWLING, Deceased, and DUSTAN BEAN, as Next Friend for ATB, LSB, AND CDB, the Minor Children of AMY LYNN COWLING,     Plaintiffs, <br><br> v. <br><br> GREGG COUNTY,     Defendant. | CIVIL ACTION NO. 2:11-CV-00279 |

## MEMORANDUM OPINION AND ORDER

Before the Court are Defendant Gregg County's ("Gregg County") Opposed Motion for Leave for Defendant to File, Under Seal, Its Motion to Exclude Plaintiffs' Expert Gene M. Earl, M.D. (Dkt. No. 82); Opposed Motion for Leave for Defendant to File, Under Seal, Its Motion to Exclude Plaintiffs' Expert Joel L. Nitzkin, M.D. (Dkt. No. 84); and Opposed Motion for Leave for Defendant to File, Under Seal, Its Motion for Summary Judgment (Dkt. No. 86). The Court having considered the same finds that each such motion should be **DENIED** for the reasons set forth below.

Further, before the Court are Gregg County's Opposed Motion for Leave for Defendant to File, Under Seal, its Reply to Plaintiffs' Response to Motion to Exclude Joel L. Nitzkin, M.D. (Dkt. No. 106); Opposed Motion for Leave for Defendant to File, Under Seal, Defendant's Reply to Plaintiffs' Response to Motion to Seal and Motion for Protection (Dkt. No. 108); Opposed Motion for Leave for Defendant to File, Under Seal, Defendant's Objection to and Motion to Strike Plaintiffs' Response and Alternative Reply (Dkt. No. 119); Opposed Motion for Leave for Defendant to File, Under Seal, Defendant's Motion in Limine (Dkt. No. 146); Opposed Motion

1

for Leave for Defendant to File, Under Seal, Defendant's Reply to Plaintiffs' Response to Motion for Summary Judgment (Dkt. No. 153); and Opposed Motion for Leave for Defendant to File, Under Seal, Defendant's Motion for Protective Order (Dkt. No. 166). To date, Plaintiffs Vicki Bankhead, *et al.*, ("Plaintiffs") have not filed responses in opposition to these motions. As the time for filing such responses has passed, the Court assumes that the Plaintiffs have no opposition and that the motions are ripe for review. *See* Local Rule CV-7(d). The Court having considered the same finds that each such motion should be **DENIED** for the reasons set forth below.

I. **Factual and Procedural Background**

Plaintiffs Vicki Bankhead, *et al.*, ("Plaintiffs") are the surviving mother and children of Amy Lynn Cowling ("Cowling"), who died while in the Gregg County Jail on December 28, 2010. On June 8, 2011, Plaintiffs filed the above-styled case against Gregg County alleging that Cowling's confinement in the Gregg County Jail deprived her of her constitutional rights by failing to provide adequate medical treatment. On July 16, 2012, the Court entered a Protective Order that "applies only to documents and/or information exchanged between non-party and the parties in this litigation." (*See* Dkt. No. 26 at 5-6 ¶ 16.) The Protective Order specifically defines the "Protected Documents" that are subject to the Protective Order as "[d]ocuments or discovery responses containing Confidential Information disclosed or produced by any party or non-party in this litigation" and "all documents or discovery responses designated by the producing party as 'Confidential' and which are disclosed or produced to the attorneys for the other parties to this litigation." (*Id.* at 2 ¶ 1.) "Confidential Information" includes "[d]ocuments or information containing a confidentiality agreement, confidential proprietary and business information, trade secrets and/or attorney work product." (*Id.* at 1 ¶ 1.)

On November 12, 2012, Gregg County filed its Motion to Exclude Plaintiffs' Expert Gene M. Earl, MD (Dkt. No. 83), Motion to Exclude Plaintiffs' Expert Joel L. Nitzkin, MD (Dkt. No. 85), and Motion for Summary Judgment (Dkt. Nos. 87, 88). Gregg County separately moved, in the present motions, to seal its motions to exclude, motion for summary judgment, and related briefing.

## II. **Legal Standards**

The public has a common law right to inspect and copy judicial records. *SEC v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993) (citing *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978); *Belo Broadcasting Corp. v. Clark*, 654 F.2d 423, 434 (5th Cir.1981)). The public's common law right, however, is not absolute. *Id.* (citing *Nixon*, 435 U.S. at 598; Belo, 654 F.2d at 430). "Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." *Id.* (quoting *Nixon*, 435 U.S. at 598).

A district court "must use caution in exercising its discretion to place records under seal" and "must balance the public's common law right of access against the interests favoring nondisclosure." *United States v. Holy Land Found. for Relief & Dev.*, 624 F.3d 685, 689-90 (5th Cir. 2010); *Van Waeyenberghe*, 990 F.2d at 848. Indeed, "[t]he district court's discretion to seal the record of judicial proceedings is to be exercised charily . . . ." *Id.* (quoting *Fed. Sav. & Loan Ins. Corp. v. Blain*, 808 F.2d 395, 399 (5th Cir. 1987)). "Its decision must be made in light of the 'strong presumption that all trial proceedings should be subject to scrutiny by the public.'" *Id.* at 690 (quoting *United States v. Ladd*, 218 F.3d 701, 704 (7th Cir. 2000)). The burden is on the party seeking to seal court documents to establish that the presumption of public records should be overcome. *See, e.g.*, *Torres-Montalvo v. Keith*, 2011 U.S. Dist. LEXIS 124979, 2011

WL 5023271, at *1 (S.D. Tex. Oct. 17, 2011) (citing *LEAP Sys., Inc. v. MoneyTrax, Inc.*, 638 F.3d 216, 221-22 (3d Cir. 2011); *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); *Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 575 (4th Cir. 2004)).

### III. <u>Analysis</u>

In each of its motions to seal, except for its Motion to Seal its Motion for Summary Judgment, Gregg County merely states that "[p]ursuant to Rule 7(b) of the Federal Rules of Civil Procedure, and Local Rule CV-5(7), Defendant Gregg County hereby moves this Honorable Court for the entry of an Order granting Defendant leave to file, under seal, its Motion to . . . ." (Dkt. Nos. 82, 84, 106, 108, 119, 146, 153, 166.) Gregg County presents no substantive reasons or argument to overcome the presumption against sealing public records. Accordingly, the Court finds that each of Gregg County's motions to seal, filed at Docket Numbers 82, 84, 106, 108, 119, 146, 153, and 166, should be **DENIED**.

Gregg County's Opposed Motion for Leave for Defendant to File, Under Seal, Its Motion for Summary Judgment (Dkt. No. 86) ("Motion to Seal MSJ") offers little more, arguing that: "Defendant's Motion for Summary Judgment contains references medical records and/or personal records of Laura Allison and Micah Garner, and Defendant's Exhibits to its Motion for Summary Judgment contain portions of the aforementioned records. In the interest of justice, Defendant requests that they be allowed to file their Motion for Summary Judgment under seal." In response, Plaintiffs argue that Gregg County's Motion to Seal MSJ is facially overbroad but that Plaintiffs do not oppose the sealing of any exhibit that contains any medical records of Cowling before her confinement in Gregg County Jail. In reply, Gregg County argues that it seeks to prevent the medical records of Cowling *and others* from being disclosed. Gregg County further argues for the first time in reply that its motion for summary judgment also contains

4

discussion of the Texas Rangers' report, which Gregg County argues is protected by definition under the Protective Order entered in this case.[1]

The Court finds that Gregg County does not meet its burden to establish that the presumption of public records should be overcome. Gregg County does not discuss, for example, whether the noted references to and portions of the medical records and personal records disclose personally identifiable information, or the nature of the references to and portions of records disclosed. Asserting that its motion contains references to medical records and personal records does not, without more, establish that the presumption of public record should be overcome and that the entire motion should be filed under seal. Further, a statement that its motion for summary judgment also contains some discussion of the Texas Rangers' report does not persuade this Court to seal the motion. The Protective Order does not, as Gregg County otherwise suggests, automatically apply to any document exchanged between a non-party and a party. Rather, the Protective Order applies to expressly defined "Protected Documents." Gregg County presents no argument that such report is a "Protected Document" as defined in the Protective Order. On the contrary, the report bears no confidential designation. It is not otherwise subject to any confidentiality agreement. In this regard, Gregg County offers no compelling reason to seal its motion for summary judgment, and the Court finds none. Accordingly, the Court finds that Gregg County's Motion to Seal MSJ (Dkt. No. 86) should be **DENIED**.

---

[1] Courts often do not consider arguments raised for the first time in a reply brief. *See Gillaspy v. Dallas Indep. Sch. Dist.*, 278 Fed. Appx. 307, 315 (5th Cir. 2008) ("It is the practice of this court and the district courts to refuse to consider arguments raised for the first time in reply briefs.") (citing *Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1437 (5th Cir. 1989); *Senior Unsecured Creditors' Comm. of First RepublicBank Corp. v. FDIC*, 749 F. Supp. 758, 772 (N.D. Tex. 1990)). Because the Court finds that Gregg County's newly raised argument is nevertheless without merit, the Court addresses the argument.

## IV. Conclusion

For the reasons stated herein, the Court finds that each of Gregg County's motions to seal (Dkt. Nos. 82, 84, 86, 106, 108, 119, 146, 153, 166) should be and are hereby **DENIED**.

**So ORDERED and SIGNED this 9th day of January, 2013.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE